**Entered on Docket**
**September 2, 2026**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**Signed and Filed: September 2, 2026**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PHONEIC, INC.,<br><br>Debtor. | Bankruptcy Case<br>No. 26-30051-DM<br><br>Chapter 11<br>Subchapter V |
| ANDREW WON,<br><br>Plaintiff,<br><br>v.<br><br>PRODUCTIVEAI, INC., et al.,<br><br>Defendants. | Adversary Proceeding<br>No. 26-03018-DM<br><br>Hearing held<br>Date: July 31, 2026<br>Time: 1:30 PM<br>In-Person or Via Zoom<br>Place: U.S. Bankruptcy Court<br>Courtroom 17, 16th Floor<br>450 Golden Gate Ave<br>San Francisco, CA |

**MEMORANDUM DECISION ON MOTION TO REMAND**

## I. Introduction

The court held a hearing on July 31, 2026 on Plaintiff Andrew Won's ("Plaintiff" or "Won") Amended Motion to Abstain and Remand ("Motion") (Dkt. 9). Appearances were noted on the record. At the end of the hearing, the court directed Won to file supplemental briefing, after which the matter would stand

submitted. Won filed a supplemental brief on August 7, 2026. On August 19, 2026, a chapter 11 plan was confirmed in the main bankruptcy case of PhoneIC, Inc. (Case No. 26-30051 at Dkt. 58).

## II. Discussion

### A. Claims Against the Debtor

The removed Complaint lists eight causes of action: (1) breach of contract against PhoneIC, Inc. ("Debtor") and ProductiveAI, Inc. ("ProductiveAI"); (2) wrongful termination (against Debtor, ProductiveAI, Stephen Noll ("Noll"), and Enlai Chu) ("Chu")); (3) quantum meruit (against Debtor and ProductiveAI); (4) account stated (against Debtor and ProductiveAI); (5) breach of fiduciary duties (against Chu and Noll); (6) breach of duties of care (against Chu and Noll); (7) self-dealing by Chu and Noll; and (8) self-dealing by Bahram Nour-Omid, Scopus Ventures Fund I, LP, Noll, and Chu.

The court previously stated in its Order Regarding Motion to Remand (Dkt. 4) that any claims against the Debtor are now subject to treatment under Debtor's confirmed Subchapter V plan ("Plan," Case No. 26-30051 at Dkt. 55) despite the fact that Debtor will not receive a discharge upon plan completion. Accordingly, no cause of action against Debtor shall be remanded.

As to the non-Debtor defendants, the causes of action have been split into two categories. Claims 1 through 4 are direct claims held by Won, and the parties dispute whether claims 5 through 8 are actually derivative claims held by the Debtor. For claims 1 through 4, each names Debtor and ProductiveAI as

defendants, while Claim 2, for wrongful termination, additionally names Noll and Chu as defendants.

**B. Claims 1 through 4**

No party disputes that Claim 2 is subject to remand generally. However, there is a question as to whether any of claims 1 through 4, including Claim 2, should be remanded as to ProductiveAI. ProductiveAI is a Wyoming based corporation that was formed at Won's suggestion, created only to be merged with the Debtor. That merger never took place, and ProductiveAI has no assets of its own. It is essentially an empty shell. From the Complaint, it appears Won sued ProductiveAI in anticipation of all of Debtor's assets and officers becoming one with ProductiveAI, and thus it is unclear if ProductiveAI is even a properly named defendant as to any part of the Complaint.

To the extent that it is a properly named defendant, the court sees no reason why Won cannot pursue his claims against this shell corporation, though it questions the wisdom in Won doing so. Any default or recovery Won obtains against ProductiveAI could not be used to pursue any recovery from Debtor because its Chapter 11 Plan has been confirmed.

**C. Claims 5 through 8**

Next, as the court noted above, there is a dispute as to whether claims 5 through 8 are derivative claims properly held by the Debtor that it could assert against the non-Debtor defendants. If the claims are derivative, as contended by the non-Debtor defendants, they are assets that have been sold to PAI, Inc. ("PAI") pursuant to the bankruptcy plan, and PAI is free to pursue or dismiss the claims as it pleases. If the

claims are either not derivative or are otherwise properly held by Won, he may continue to pursue those claims against the non-Debtor defendants in state court.

The court concludes that claims 5 through 8 are derivative claims formerly held by Debtor and now held by PAI. A claim is derivative as to shareholders, meaning it is originally held by the corporation, "if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock and property without any severance or distribution among individual shareholders[.]" *Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 107 (1969). Won's claims 5 and 6, alleging breach of fiduciary duties and breach of the duty of care, are duties the defendant officers had to the Debtor, and thus to all shareholders who only gain when the corporation does well. Likewise, Won's claims 7 and 8 alleging self-dealing are self-dealing against the Debtor, leading to diminution of Debtor's assets.

The court in *Ahmanson* held that a plaintiff stockholder's suit was an individual suit and not derivative, because the harm alleged was not to the corporation itself, but only as to that plaintiff and a small number of minority shareholders. *Id.* Here, the Complaint acknowledges that the duties were to "the corporation and its shareholders" and that Won himself did not suffer damages but suffered "as a creditor and shareholder of PhoneIC and ProductiveAI," the same harm any other creditor and shareholder would suffer due to harm to the corporation(s). Won cannot pursue these claims as an individual.



Case: 26-03018 Doc# 15 Filed: 09/02/26 Entered: 09/02/26 16:00:21 Page 4 of 6

## III. **Conclusion**

For the foregoing reasons, the court is concurrently issuing an Order of Remand, regarding the following:

1. The Motion is DENIED as to all claims against Debtor;
2. The Motion is GRANTED as to claims 1 through 4 as to ProductiveAI;
3. The Motion is GRANTED as to claim 2 for wrongful termination as to Noll and Chu;
4. The Motion is DENIED as to claims 5 through 8.

**END OF MEMORANDUM DECISION**

## COURT SERVICE LIST

Andrew Won
22 Observation Place
Oakland, CA 94611

ProductiveAI, Inc.
58 N El Camino Real #317
San Mateo, CA 94401

PhoneIC, Inc.
58 N. El Camino Real #317
San Mateo, CA 94401

Enlai Chu
58 N. El Camino Real #317
San Mateo, CA 94401

Stephan Noll
1820 Federal Ave E
Seattle, WA 98102

Bahram Nour-Omid
11859 Wilshire Blvd.
Los Angeles, CA 90025

Scopus Ventures Fund I, LP
11859 Wilshire Blvd.
Los Angeles, CA 90025